```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                          Case No. 18-02471-RNO
Jason R. Beck                                                   Chapter 13
        Debtor                  CERTIFICATE OF NOTICE
District/off: 0314-5         User: KADavis              Page 1 of 1           Date Rcvd: Jul 25, 2018
                             Form ID: pdf002            Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 27, 2018.
db             Jason R. Beck,   1673 Summit Lake Rd,   Clarks Summit, PA  18411-9593
5071635        ATTN: Foreclosure,   425 Phillips Blvd,   Ewing, NJ  08618-1430
5071634        AmeriHome Mortgage,   PO Box 77404,   Ewing, NJ  08628-6404
5071632        Beck Jason R,   1673 Summit Lake Rd,   Clarks Summit, PA  18411-9593
5071638        KML Law Group,   701 Market St # 5000,   Philadelphia, PA  19106-1541
5071633        Law Office of Brian E Manning,   512 S Blakely St,   Dunmore, PA  18512-2237
5071639       +Marioitti Building Products,   1 Louis Industrial Dr,   Old Forge, PA 18518-2058
5071640        NET Credit Union,   119 Mulberry St,   Scranton, PA  18503-1207
5071641        NET Federal Credit Union,   Customer Service,   Tampa, FL  33630
5071645      ++TOYOTA MOTOR CREDIT CORPORATION,   PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
              (address filed with court: Toyota Financial Services,   PO Box 5855,
                Carol Stream, IL  60197-5855)
5084754       +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5071636        E-mail/Text: bnc-capio@quantum3group.com Jul 25 2018 19:07:07     Capio Partners, LLC,
                PO Box 3778,   Sherman, TX  75091-3778
5071637        E-mail/Text: cio.bncmail@irs.gov Jul 25 2018 19:06:55     INTERNAL REVENUE SERVICE,
                P O Box 21126,   Philadelphia, PA  19114
5072093       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 25 2018 19:23:50
                PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5071643        E-mail/PDF: gecsedi@recoverycorp.com Jul 25 2018 19:13:04     Synchrony Bank,
                Attn. Bankruptcy Department,   PO Box 965060,   Orlando, FL  32896-5060
5071642        E-mail/PDF: gecsedi@recoverycorp.com Jul 25 2018 19:12:41     Synchrony Bank,   PO Box 965064,
                Orlando, FL  32896-5064
5071644        E-mail/PDF: gecsedi@recoverycorp.com Jul 25 2018 19:13:04     Synchrony Bank/Home Design,
                PO Box 960061,   Orlando, FL  32896-0061
                                                                                              TOTAL: 6

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 27, 2018                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 25, 2018 at the address(es) listed below:
              Brian E Manning    on behalf of Debtor 1 Jason R. Beck BrianEManning@comcast.net,
               G17590@notify.cincompass.com
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James   Warmbrodt    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
              James   Warmbrodt    on behalf of Creditor    AmeriHome Mortgage Company, LLC bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JASON R. BECK

           **Debtor**

CHAPTER 13

CASE NO. 5-18-02471

☒ ORIGINAL PLAN
☐ THE    AMENDED PLAN

**NO Motions to Avoid Liens**
**NO** Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>Plan Payments From Future Income</u>

    1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall

Case 5:18-bk-02471-RNO   Doc 15   Filed 07/12/18   Entered 07/12/18 12:10:29   Desc
Main Document    Page 1 of 6
Case 5:18-bk-02471-RNO   Doc 24   Filed 07/27/18   Entered 07/28/18 00:45:16   Desc
Imaged Certificate of Notice    Page 2 of 7

make conduit payments through the Trustee as set forth below. The total base plan is $28,200.00, plus other payments and property stated in § 1B below:

| Start Mm/yyyy | End Mm/yyyy | Plan Payment | Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 08/2018 | 07/2023 | 470.00 | 0.00 | 470.00 | $28,200.00 |
|  |  |  |  | Total Payments | $28,200.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE: ☒ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. Additional Plan Funding From Liquidation of Assets/Other**

    1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check one of the following two lines.*

    ☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

## 2. SECURED CLAIMS

**A. Pre-Confirmation Distributions.** *Check one.*

☒ None. *If none is checked the rest of §2.A need not be competed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by

the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last 4 Digits of Account Number |
|---|---|---|
| Amerihome Mortgage | Residnce | 6721 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Amerihome Mortgage | Residence | $22,500.00 | $0.00 | $22,500.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☒ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Toyota Fianancial Services | 2017 Toyota Yarris |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

a. In addition to the retainer of $1,500.00 already paid by the Debtor, the amount of $2,810.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | $319.58[1] |

---

[1] This amount represents the priority claim of the IRS in the amount of $289.25, paid over the 5 year period of the Plan at 4% interest.

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

## 4. UNSECURED CLAIMS

A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

## 7. DISCHARGE: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

- 

Dated: 7/12/2018            /s/ Brian E. Manning
                            Attorney for Debtor

                            /s/Jason R. Beck
                            Debtor

                            /s/_____
                            Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.