# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-18-02471 |
| JASON R. BECK | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## CERTIFICATION OF MAILING OF FIRST AMENDED CHAPTER 13 PLAN

The undersigned, certifies that he is over 18 years of age and that on **September 5, 2018**, he caused to be mailed via First Class U.S. Mail, postage pre-paid, the **First Amended Plan**, a copy of which is attached hereto as Exhibit "A"; along with the Notice of Filing of **First Amended Plan**, a copy of which is attached hereto as Exhibit "B"; to the parties set forth in the Mailing Matrix, a copy of which is attached hereto as Exhibit "C". This statement is made subject to the penalties of perjury.

 

**Law Offices of Brian E. Manning**

/s/ Brian E. Manning
Brian E. Manning, Esquire
502 S. Blakely, St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808
Email: brianemanning@comcast.net
Attorney for the Debtor(s)

Dated: September 5, 2018

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JASON R. BECK

            **Debtor**

CHAPTER 13

CASE NO. 5-18-02471

☐ ORIGINAL PLAN
☒ THE FIRST AMENDED PLAN

**NO** Motions to Avoid Liens
**NO** Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall

**Exhibit "A"**

make conduit payments through the Trustee as set forth below. The total base plan is $28,200.00, plus other payments and property stated in § 1B below:

| Start Mm/yyyy | End Mm/yyyy | Plan Payment | Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/2018 | 07/2023 | 499.00 | 0.00 | 499.00 | $29,426.01 |
|  |  |  |  | Total Payments | **$29,426.01** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☒ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2. SECURED CLAIMS**

**A. Pre-Confirmation Distributions.** *Check one.*

☒ None. *If none is checked the rest of §2.A need not be competed or reproduced.*

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by

the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last 4 Digits of Account Number |
|---|---|---|
| Amerihome Mortgage | Residnce | 6721 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Amerihome Mortgage | Residence | $23,651.67 | $0.00 | $23,651.67 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☒ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Toyota Fianancial Services | 2017 Toyota Yarris |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

a. In addition to the retainer of $1,500.00 already paid by the Debtor, the amount of $2,810.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **Internal Revenue Service** | **$289.25** |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

## 4. UNSECURED CLAIMS

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.
☐ entry of discharge.
☐ closing of case.

## 7. DISCHARGE: (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

- 

Dated: 9/5/2018                                             /s/ Brian E. Manning
                                                            Attorney for Debtor

                                                            /s/Jason R. Beck
                                                            Debtor

                                                            /s/ _____
                                                            Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-18-02471 |
| JASON R. BECK | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## NOTICE OF FILING OF FIRST AMENDED PLAN

**To: Creditors, Parties in Interest and the Office of the United States Trustee**

**NOTICE IS HEREBY GIVEN THAT** the Debtor In the above matter has filed a **First Amended Plan**. A copy of the **First Amended Plan** is included with this Notice.

A confirmation Hearing on the **First Amended** Plan has been scheduled for

**Date: October 12, 2018, at 9:30 a.m.**
**Time 9:30 a.m.**
**Place: Courtroom No. 2**
**United States Bankruptcy Court**
**Max Rosenn U.S. Courthouse**
**197 S. Main St.**
**Wilkes-Barre, PA 18701**

Any objection/response to the **First Amended Plan** must be filed with the Court and served upon counsel for the Debtor at the address listed below, on or before **October 5, 2018.** Any filing must conform to the Rules of Bankruptcy Procedure, unless the Court determines otherwise. Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

If Service was properly made and any creditor or other party in interest failed to file an objection/response by the above specified date, the Court may determine after review of the **First Amended Plan** that no hearing is required and confirm the **First Amended Plan**.

Brian E. Manning, Esquire
**Law Office of Brian E. Manning**
502 S. Blakely St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808
Email: brianemanning@comcast.net
Attorney for the Debtor(s)

Date of Mailing: September 5, 2018

**Exhibit "B"**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0314-5<br>Case 5:18-bk-02471-RNO<br>Middle District of Pennsylvania<br>Wilkes-Barre<br>Wed Sep  5 11:23:20 EDT 2018 | ATTN: Foreclosure<br>425 Phillips Blvd<br>Ewing, NJ  08618-1430 | AmeriHome Mortgage<br>PO Box 77404<br>Ewing, NJ  08628-6404 |
| AmeriHome Mortgage Company, LLC<br>c/o Cenlar FSB<br>425 Phillips Blvd<br>Ewing, NJ 08618-1430 | Ashley Funding Services, LLC its successors<br>assigns as assignee of Laboratory<br>Corporation of America Holdings<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Jason R. Beck<br>1673 Summit Lake Rd<br>Clarks Summit, PA 18411-9593 |
| Beck Jason R<br>1673 Summit Lake Rd<br>Clarks Summit, PA  18411-9593 | Capio Partners, LLC<br>PO Box 3778<br>Sherman, TX  75091-3778 | Charles J DeHart, III (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036-8625 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | KML Law Group<br>701 Market St # 5000<br>Philadelphia, PA  19106-1541 | Law Office of Brian E Manning<br>512 S Blakely St<br>Dunmore, PA  18512-2237 |
| Brian E Manning<br>502 South Blakely Street<br> Suite B<br>Dunmore, PA 18512-2237 | Marioitti Building Products<br>1 Louis Industrial Dr<br>Old Forge, PA 18518-2058 | Midland Funding, LLC<br>Midland Credit Management, Inc.<br>as agent for Midland Funding, LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| NET Credit Union<br>119 Mulberry St<br>Scranton, PA  18503-1207 | NET Federal Credit Union<br>Customer Service<br>Tampa, FL  33630 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Synchrony Bank<br>Attn. Bankruptcy Department<br>PO Box 965060<br>Orlando, FL  32896-5060 | Synchrony Bank<br>PO Box 965064<br>Orlando, FL  32896-5064 | Synchrony Bank/Home Design<br>PO Box 960061<br>Orlando, FL  32896-0061 |
| (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Toyota Motor Credit Corporation<br>PO Box 9013<br>Addison, Texas 75001-9013 | United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 |
| James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106-1541 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Exhibit "C"

| | | |
|---|---|---|
| INTERNAL REVENUE SERVICE<br>P O Box 21126<br>Philadelphia, PA 19114 | Toyota Financial Services<br>PO Box 5855<br>Carol Stream, IL 60197-5855 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)AmeriHome Mortgage Company, LLC | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (u)Toyota Motor Credit Corporation |

End of Label Matrix
Mailable recipients    24
Bypassed recipients     3
Total                  27